```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| PATRICE EILEEN ANDERSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No. 2013-cv-01923 |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of SSA | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| | ) | |
| Interested Party | ) | |

## O R D E R

NOW, this 6th day of August, 2015, upon consideration of the following documents:

(1) Decision of Administrative Law Judge ("ALJ") Suanne S. Strauss dated February 15, 2011 ("ALJ's Decision") (Document 7-2);

(2) Complaint filed April 19, 2013 (Document 3);

(3) Answer filed June 21, 2013 (Document 8);

(4) Brief and Statement in Support of Plaintiff's Request for Judicial Review, which brief and statement was filed September 10, 2013 (Document 11);

(5) Defendant's Response to Request for Review of Plaintiff, which response was filed November 8, 2013 (Document 14);

(6) Reply Brief in Support of Plaintiff's Request for Judicial Review, which reply brief was filed November 22, 2013 (Document 15);

   (7) Revised Report and Recommendation of United States Magistrate Judge Richard A. Lloret dated August 27, 2014 and filed August 28, 2014 ("R&R") (Document 22);

   (8) Defendant's Objections to the Revised Report and Recommendation, which objections were filed September 4, 2014 ("Defendant's Objections") (Document 24); and

   (9) Plaintiff's Response to Defendant's Objections to Report and Recommendation, which response was filed September 12, 2014 (Document 25);

and after a thorough de novo review of the record in this matter;

  IT IS ORDERED that Magistrate Judge Lloret's Revised Report and Recommendation is approved and adopted in part and rejected in part.[1]

  IT IS FURTHER ORDERED that sections I, IIA, and IIB of Magistrate Judge Lloret's Revised Report and Recommendation are approved and adopted.

  IT IS FURTHER ORDERED that section IIC of Magistrate Judge Lloret's Revised Report and Recommendation is not adopted.

---

[1] In reviewing a Magistrate Judge's Report and Recommendation, the district court must make a de novo determination of those portions of the report, findings, or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  The district court "may accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." United States v. Raddatz, 447 U.S. 667, 673-674, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424, 432 (1980) (citing 28 U.S.C. § 636(b)(1)).  Reviewing courts may not "re-weigh the evidence or impose their own factual determinations." Chandler v. Commissioner of Social Security, 667 F.3d 356, 359 (3d Cir. 2011).

<u>IT IS FURTHER ORDERED</u> that defendant's objections to Magistrate Judge Lloret's determination that substantial evidence does not support the ALJ's finding that plaintiff's onset date of her disability was later than her date last insured are each overruled.[2]

---

[2] In this case, Administrative Law Judge Suanne S. Strauss found that plaintiff had the "severe impairment" of ulcerative colitis through her date last insured, which was December 31, 2003. ALJ's Decision at page 23. However, the ALJ determined that plaintiff's ulcerative colitis was not sufficiently severe through the date last insured to qualify as disabling within the meaning of the Social Security Act. <u>Id</u>.

United States Magistrate Judge Lloret recommends that this matter be remanded to the Commissioner of Social Security for reconsideration of the evidence and retrospective analysis by a qualified medical advisor regarding plaintiff's disability onset date to determine whether such date was prior to December 31, 2003. R&R at page 17.

Defendant argues that Judge Lloret's R&R does not give sufficient deference to the ALJ's inferences regarding the credibility of plaintiff's account of her symptoms. Defendant's Objections at page 1. Specifically, defendant contends that the ALJ did not discount the statements of plaintiff's treating physicians regarding her onset date of ulcerative colitis. Rather, defendant argues that these statements do not demonstrate that plaintiff had sufficiently severe colitis to be considered disabling prior to her date last insured. Defendant's Objections at page 4, n.1.

Furthermore, defendant argues that the ALJ reasonably inferred that plaintiff would have sought medical treatment had she been experiencing disabling symptoms prior to her date last insured. Defendant's Objections at page 3. Defendant contends that because of the lack of medical records, it was reasonable for the ALJ to infer that any such symptoms prior to plaintiff's gall bladder surgery were likely caused by plaintiff's gall bladder, not by colitis. Defendant's Objections at page 4, n.1. In addition, defendant argues that Judge Lloret's R&R does not give sufficient deference to the ALJ's inference that the evidence of plaintiff's return to work from February 2005 to March 2005 as a bakery worker and from October 2004 to July 2008 as a cafeteria aide indicated she was able to perform the full range of light work while undergoing colitis treatment. Work History Report, dated September 17, 2009, Exhibit 5E (Document 7-6); Defendant's Objections at page 4. For the following reasons, I disagree with defendant.

Initially, I conclude that most of what defendant objects to in Magistrate Judge Lloret's R&R is nothing more than a restatement of the issues raised in Defendant's Response to Request for Review of Plaintiff (Document 14). While I conclude that Magistrate Judge Lloret has correctly analyzed the factual and legal issues, I amplify those reasons below.

(<u>Footnote 2 continued</u>):

---

(<u>Continuation of footnote 2</u>):

      Establishing the onset date of a claimant's disability is critical to determining the claimant's eligibility for disability benefits. <u>See</u> C.F.R. § 404.1520; SSR 83-20.  For disabilities of a non-traumatic origin, such as a slowly progressing disease, ascertaining the onset date requires examining the claimant's allegations, work history, and medical and other relevant evidence.  <u>See</u> SSR 83-20.

      When evaluating a claimant's statements about her symptoms, all symptoms are considered to the extent they can reasonably be found "consistent with the objective medical evidence."  <u>See</u> C.F.R. § 404.5129; C.F.R. § 416.929; SSR 96-7P.  Once it is established that a medical impairment exists which could reasonably cause the symptoms, the adjudicator must determine the "intensity, persistence, and functionally limiting effects of the symptoms," which in turn requires an evaluation of the claimant's credibility.  <u>See</u> SSR 96-7P.

      In determining a claimant's credibility, "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."  SSR 96-7P.  "[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 547 (3d Cir. 2003), finding that a lack of corroborating medical evidence alone was an insufficient reason for the ALJ to discredit the claimant's testimony about her pain and ability to function.

      Furthermore, the adjudicator must consider the whole case record in the credibility assessment, including statements provided by treating physicians.  <u>See</u> SSR 96-7P.  A treating doctor's opinion is accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 416.927(c)(2); <u>see</u> <u>also</u> <u>Morales v. Apfel</u>, 225 F.3d 310, 317-18 (3d Cir. 2000) (citations omitted).

      Other factors which may be considered in assessing the claimant's credibility include the claimant's "daily activities," such as vocational history, and medication and other treatment used to relieve her symptoms. <u>See</u> SSR 96-7P.  Work performed during an allegedly disabling period, even if not substantial gainful activity, may be probative as to one's functional abilities.  <u>See</u> 20 C.F.R. § 404.1571.

      The United States Court of Appeals for the Third Circuit has "repeatedly emphasized that the special nature of the proceedings for disability benefits dictates extra care on the part of the agency in developing an administrative record and in explicitly weighing all evidence." <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 42 (3d Cir. 2001) (citing <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 406-07 (3d Cir. 1979)).  "In the absence of an [explanation], the reviewing court cannot tell if significant probative

(<u>Footnote 2 continued</u>):

---

(Continuation of footnote 2):

evidence was not credited or simply ignored." Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 121 (3d Cir. 2000) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).  Furthermore, the Third Circuit has held that unless the ALJ has evaluated all evidence and adequately explained the weight given to probative evidence, deeming the decision supported by substantial evidence practically constitutes an abandonment of the court's responsibility to review the entire record to ensure that rational conclusions were reached.  Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).

        I conclude that the ALJ's determination that plaintiff did not suffer from disabling ulcerative colitis through her date last insured is not supported by substantial evidence in the record.

        Here, the ALJ acknowledged that plaintiff's two treating physicians, Dr. Kristi Kotz and Dr. Timothy Orphanides, certified that plaintiff's ulcerative colitis likely existed at least six months prior to January 2004.  Defendant is correct in asserting that these estimations do not establish the level of severity of plaintiff's colitis or her functional limitations through her date last insured.  However, the ALJ did not address paragraph 4 of Dr. Kotz's statement, which speaks directly to plaintiff's credibility with respect to the severity of her symptoms during that time period:

> The absence of other references in [plaintiff's] medical records before 2004 is not really surprising and it does not indicate that ulcerative colitis was not present. After her gall bladder surgery in May 2002, her surgeon would have explained that changes in her bowel movements were likely following the surgery, so Ms. Anderson would likely have thought the very frequent, loose bowel movements and abdominal pain were related to the gall bladder surgery rather than evidence of ulcerative colitis, an independent disease. Based on my experience, patients are often embarrassed to talk about problems with their bowel functions, and that no doubt played a part in Ms. Anderson's waiting until her disease was very advanced before seeking medical attention.

Certification of Kristi Kotz, D.O., dated December 29, 2010, Exhibit 21F (Document 7-12).

        The ALJ does not offer any explanation why she discounted Dr. Kotz's reasoning that plaintiff may have been dissuaded from seeking medical attention for her alleged symptoms, both because of embarrassment and because plaintiff's surgeon would have advised her that she might experience the same symptoms as a result of her gall bladder surgery.  This evidence is consistent with plaintiff's testimony regarding her symptoms, as well as with the objective medical evidence (in this case, the lack thereof) through the last date insured.

(Footnote 2 continued):

<u>IT IS FURTHER ORDERED</u> that defendant's objection to Magistrate Judge Lloret's recommendation that the ALJ consult with a medical advisor in order to infer the onset date of plaintiff's disability is overruled.[3]

---

(<u>Continuation of footnote 2</u>):

 Because paragraph 4 of Dr. Kotz's certification supports plaintiff's account of her symptoms prior to December 31, 2003, it was error for the ALJ to disregard it completely without explaining the reasoning behind the omission. The ALJ improperly used the lack of medical records as a basis for discrediting plaintiff's testimony without first considering Dr. Kotz's explanation behind the lack of records. <u>See</u> <u>Newell</u>, 347 F.3d at 547. Thus, defendant's objection on this point is overruled.

 Furthermore, I conclude that the determination by the ALJ does not comport with the requirement to give proper weight to the opinion of a treating physician. <u>See</u> 20 C.F.R. § 416.927(c)(2). Instead, the ALJ improperly rejected Dr. Kotz's opinion that colitis caused plaintiff's symptoms in favor of her own "lay opinion" and speculation that plaintiff's gall bladder was the cause of her symptoms. <u>See</u> <u>Morales</u>, 225 F.3d at 317. Thus, defendant's objection on this point is overruled.

 Regarding plaintiff's work history, Judge Lloret stated that it "seems a thin reed to lean upon in inferring that [plaintiff] was able to engage in substantial gainful activity in 2002-2003." R&R at page 16. Judge Lloret's characterization of the ALJ's reliance on plaintiff's work history seems to cross the line into re-weighing evidence. However, this error is harmless. Judge Lloret did not discount plaintiff's work history, but rather conceded that some inferential value could be drawn from plaintiff's part-time work. His dissatisfaction relates to the ALJ not discussing other evidence in the record and seemingly relying solely on plaintiff's work history. I do not adopt this section of the R&R. Rather, I conclude that Magistrate Judge Lloret's discussion is mostly dicta and unnecessary to support his other conclusions and recommendations which I do approve and adopt. Thus, I dismiss defendant's objection on this point as moot.

 Accordingly, based upon the foregoing and the reasons and analysis contained in Magistrate Judge Lloret's R&R, I remand this matter to the Commissioner of Social Security so that she may have the ALJ reconsider the evidence supporting plaintiff's credibility in regards to her symptoms.

 [3] Magistrate Judge Lloret also recommends that on remand, the Commissioner further develop the record with medical expert testimony because there is a lack of contemporaneous evidence with which to infer plaintiff's disability onset date. <u>See</u> SSR 83-20.

(<u>Footnote 3 continued</u>):

       IT IS FURTHER ORDERED that plaintiff's request for review is granted.

---

(Continuation of footnote 3):

       Defendant argues that obtaining the testimony of a medical expert is unnecessary under SSR 83-20 because plaintiff could afford medical treatment through her date last insured and simply chose not to seek it.

       SSR 83-20 mandates that an ALJ "should call on the services of a medical advisor when onset must be inferred." SSR 83-20. When an impairment is "slowly progressive," the alleged onset date and date of last employment were in the distant past, and sufficient medical records are unavailable for the time period in question, it is necessary to infer the onset date by consulting with a medical advisor. See Walton v. Halter, 243 F.3d 703, 709 (3d Cir. 2001)(citing SSR 83–20).

       Here, the alleged onset date of plaintiff's slowly progressive ulcerative colitis, sometime prior to December 31, 2003, was at least seven years before the date of the ALJ's decision. See Newell, 347 F.3d at 542, 549, holding that the ALJ should have consulted a medical advisor where the alleged onset date was about three years prior to date of the ALJ's decision. There are no medical records available from the time of plaintiff's gall bladder surgery in 2002 until she was diagnosed with ulcerative colitis in mid-2004. Thus, plaintiff meets the criteria for the necessary application of SSR 83–20.

       It is true that plaintiff was able to afford treatment, unlike the claimant in Newell, and did not seek it out. However, as discussed in footnote 2, supra, plaintiff may have had a valid reason for not seeking medical attention: either because of embarrassment, or because she would not have recognized that her alleged abdominal pain and loose bowel movements were indicative of a disease independent from her gall bladder surgery. Both of these explanations were acknowledged as possible by plaintiff's treating physician, Dr. Kotz, based on Dr. Kotz's own medical experience with patients suffering from bowel problems.

       The case law defendant cites to suggest embarrassment is not a valid reason for failing to seek medical treatment is not from the United States Court of Appeals for the Third Circuit, nor from any district court within the Third Circuit, and thus is not precedential. Moreover, I do not find the cases cited by defendant persuasive. Rather, the fact that plaintiff's treating physician asserted that patients are often embarrassed to seek treatment for bowel problems suggests that the excuse is not only legitimate, but common.

       Thus, I conclude that it was error for the ALJ not to consult with a medical advisor, as required by SSR 83-20, in order to infer the date on which plaintiff's ulcerative colitis became disabling.

       Accordingly, I remand this matter to the Commissioner of Social Security so that she may direct the ALJ to more fully develop the record by obtaining expert medical testimony on the issue of the onset date of plaintiff's disability.

IT IS FURTHER ORDERED that plaintiff's request for remand is granted.

IT IS FURTHER ORDERED that judgment is granted in favor of plaintiff Patrice Eileen Anderson and against defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the decision of the Commissioner dated February 15, 2011 and affirmed by the Appeals Council on August 27, 2012 which denied benefits to plaintiff Patrice Eileen Anderson is reversed.

IT IS FURTHER ORDERED that this matter is remanded in accordance with the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with the Report and Recommendation and this Order.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge